**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DON W. LANE,
      Appellant,

      v.

DEPARTMENT OF THE TREASURY,
      Agency.

DOCKET NUMBER
AT-0752-16-0357-I-1

DATE: February 2, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Don W. Lane, Atlanta, Georgia, pro se.

Jessica Rice, Esquire, Atlanta, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained the agency's action suspending him for 30 days. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant formerly served as a GS-08 Contact Representative with the Internal Revenue Service.  Initial Appeal File (IAF), Tab 4 at 38.[2]  In an April 30, 2015 decision, the agency suspended the appellant for 30 calendar days based on the following charges:  (1) absence without leave (AWOL); (2) failure to follow proper leave procedures; and (3) failure to follow his manager's directive and display of unprofessional behavior.  *Id.* at 40-45.

The appellant filed an equal employment opportunity (EEO) complaint regarding the suspension, and the agency issued a final agency decision finding no discrimination, from which the appellant timely appealed to the Board.  IAF, Tab 1, Tab 4 at 12-27.  In his appeal, the appellant alleged that the suspension lasted for a period of 34 calendar days and was unlawful because it was greater than that set forth in the proposal and decision.  IAF, Tab 1 at 5.  The appellant also raised the following affirmative defenses:  (1) harmful procedural error;

---

[2] Effective August 28, 2015, the appellant retired from the Federal service.  IAF, Tab 4 at 71.

(2) discrimination on the bases of race and sex; (3) retaliation for protected EEO activity; and (4) unspecified prohibited personnel practices. *Id.* At the prehearing conference, the appellant also appears to have alleged discrimination on the bases of color and disability and that the agency interfered with his rights to take leave under the Family and Medical Leave Act of 1993 (FMLA). IAF, Tab 26 at 3 n.1, 4, 7. The administrative judge notified the appellant of his burdens of proof to establish his affirmative defenses of race, color, sex, and disability discrimination; reprisal; retaliation for whistleblowing; and harmful procedural error; and notified the agency that it must prove that it comported with the FMLA to prove its charge of AWOL. *Id.* at 3 n.1, 4-11.

¶4      Following a hearing, the administrative judge issued an initial decision sustaining the agency's action and concluding that the appellant had not proven his affirmative defenses. IAF, Tab 32, Initial Decision (ID). The administrative judge split the agency's third charge into two charges, one of failure to follow a management directive and one of unprofessional behavior. ID at 7. The administrative judge concluded that the agency had proven the charges by preponderant evidence, a nexus between the appellant's misconduct and the efficiency of the service, and that the penalty was reasonable. ID at 3-14. The administrative judge noted that the appellant raised a mitigating factor for the first time at the hearing but concluded that the factor was not mitigating. ID at 13. The administrative judge found that the appellant was suspended for 30, not 34, calendar days, because the Standard Form (SF) 50 effecting the appellant's suspension reflected that he was suspended for 30 calendar days. According to the administrative judge, the fact that the appellant turned in his badge prior to the weekend before his suspension, when he did not work weekends, did not extend the suspension. ID at 13 n.4. The administrative judge also concluded that the appellant did not prove his affirmative defenses of discrimination on the bases of race, color, sex, and disability; retaliation for prior EEO activity, or retaliation for whistleblowing. ID at 14-22. The administrative

judge further held that the appellant's argument that the agency did not correctly input his time and attendance during March 2015 concerning his requested leave under the FMLA did not show that the agency was motivated by prohibited animus in suspending the appellant.  ID at 21 n.8.

¶5	The appellant timely filed a petition for review in which he argues that the administrative judge erred in finding that the suspension lasted for 30 days when his time and attendance records reflect he was suspended for 32 days, and the agency committed harmful error in enlarging the suspension.  Petition for Review (PFR) File, Tab 1 at 2-3.  The appellant also argues for the first time that the agency unlawfully interfered with his use of leave under the FMLA when it responded to his request for FMLA leave for June 4, 2015, by placing him in a suspension status on that date, and that this action creates an inference of discrimination against the appellant on the bases of his race and sex and in retaliation for protected activity "in violation of 5 U.S.C. 2302(b)(1)(A)."  *Id.* at 3-4.  The agency has filed a response opposing the petition for review.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6	The appellant does not challenge the administrative judge's findings that the agency proved the charges.  PFR File, Tab 1.  The appellant also does not challenge the administrative judge's findings that the agency proved a nexus between the appellant's misconduct and the efficiency of the service and the reasonableness of the penalty.  *Id.*  We discern no reason to disturb those findings.  *See* ID; *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶7    On review, the appellant does not dispute that the suspension in question began on May 4, 2015, but he reiterates his argument below that the suspension ended on June 4, 2015, for a period of 32 days. *Id.* at 1-2. The appellant argues that the administrative judge should have relied on the appellant's time and attendance records, which show him in a suspension status on June 3 and 4, 2015, rather than what is reflected on his SF-50, to determine the length of the suspension. IAF, Tab 4 at 38, 65; PFR File, Tab 1 at 2-3.

¶8    The weight of the evidence before us indicates that the agency suspended the appellant for 30 days. The notice of proposed suspension and the decision letter issued to the appellant both notified him that he was to be suspended from duty for a period of 30 days. IAF, Tab 4 at 40, 44. Specifically, the decision provided that the appellant would be suspended from duty "for a period of thirty (30) calendar days commencing Monday, May 4, 2015" and instructed him to "return to duty at 7:30am on Wednesday, June 3, 2015." *Id.* at 40. The SF-50 initiating the suspension on May 4, 2015, reflects the suspension was to end on June 2, 2015, and the SF-50 ending the suspension reflects the appellant was to return to duty on June 3, 2015. *Id.* at 38-39. Each SF-50 was prepared within 2 days following the event it documented. *Id.* The administrative judge correctly calculated the period of May 4 to June 2, 2015, to be 30 days. ID at 13 n.4.

¶9    The appellant offered conflicting testimony as to whether he understood that he was supposed to return to work on June 3, 2015, but it is undisputed that he understood he was supposed to return to work on June 4, 2015. Hearing Compact Disc (HCD), File 5 (testimony of the appellant). The appellant did not return to work on either date and alleged that on June 3, 2015, he requested to take leave on June 4, 2015. *Id.* The record contains an Office of Personnel Management Form 71, Request for Leave or Approved Absence, dated June 3, 2015, requesting leave for June 4, 2015, but the appellant offered no evidence showing that the agency received this request or that the request was approved. IAF, Tab 4 at 66. The appellant's time and attendance records show him in a

suspension status on June 3 and 4, 2015, 2 days beyond the 30-day suspension period set forth in the proposal notice, decision letter, and SF-50s.  *Id.* at 65.

¶10      Except for the appellant's time and attendance records, the record reflects a clear intention by the agency to impose a 30-day suspension.  The proposal notice, decision letter, and SF-50s effecting and ending the suspension each correctly calculated a 30-day suspension.  *Id.* at 38-40, 44; *see Clark v. Department of State*, 2 M.S.P.R. 575, 576 (1980) (finding that, despite an error in computation in the agency's decision letter, in which the decision letter referred to a 14-day suspension and a contemporaneous SF-50 stated the correct period of suspension, the record reflected a clear intention to effect a 14-day suspension).  Further, the agency clearly communicated the end date of the 30-day suspension to the appellant in its decision.  IAF, Tab 4 at 40; *see Clark*, 2 M.S.P.R. at 576 (holding that a 14-day suspension was effected when the agency's decision letter referred to a 14-day suspension, the agency amended in writing the computational error in the return-to-duty date prior to the expiration of the 14-day period, and such action was communicated to the appellant during that time frame).

¶11      Thus, the appellant's status for the 2 days following his 30-day suspension appears to be nothing more than a ministerial error reflecting an incorrect characterization of the appellant's leave status for the 2 days on which he did not return to work following the suspension.  IAF, Tab 4 at 65.  Although the agency should correct the appellant's time and attendance records, we see no basis for reversal of the agency's action.  It is clear the agency suspended the appellant for 30, rather than 32 (or 34), days as the appellant has alleged, and no harmful error resulted from the administrative error that denoted the appellant's status as suspended for 2 days after the suspension ended.

¶12      On review, the appellant also alleges that the agency interfered with his ability to take leave under the FMLA as to his request to take leave on June 4, 2015, but below, he only alleged that the agency interfered with his requests for leave in March 2015.  IAF, Tab 29 at 6; PFR File, Tab 1 at 3-4.  The Board

generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The argument that the agency interfered with the exercise of the appellant's rights under the FMLA regarding his alleged request to take leave on June 4, 2015, was submitted for the first time on review, and he offers no argument as to why he did not raise this argument before. Likewise, there is no evidence that this argument is based on new and material evidence that would justify consideration of the issue.

¶13         Even if the appellant had raised the issue below, he nevertheless cannot show that the agency interfered with the exercise of his rights under the FMLA such that the suspension should be reversed. If an agency bases an adverse action on its interference with an employee's rights under the FMLA, the adverse action is a violation of law and cannot stand. *Gross v. Department of Justice*, 77 M.S.P.R. 83, 90 (1997). Here, the appellant's alleged request for leave under the FMLA for June 4, 2015, did not occur until June 3, 2015, the day after he had served his 30-day suspension. IAF, Tab 4 at 66. Thus, there is no evidence that the agency based the adverse action at issue on the appellant's June 3, 2015 request for leave.

¶14         On review, the appellant also argues that the agency placed him in a suspension status instead of granting his request for FMLA leave on June 4, 2015, and so an inference must be drawn from this act that the agency discriminated against him on the bases of his race and sex and retaliated against him for engaging in protected activity "in violation of 5 U.S.C. 2302(b)(1)(A)." PFR File, Tab 1 at 3-4. The appellant has argued for the first time on review that the alleged denial of his request to take FMLA leave on June 4, 2015, constituted evidence of discrimination and retaliation. *Id.* As provided above, the Board generally will not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence not previously available

despite the party's due diligence. *Banks*, 4 M.S.P.R. at 271. The appellant has offered no such explanations here.

¶15 Again, even if we were to consider this new argument, the alleged denial of this FMLA leave request does not warrant reversal of the administrative judge's finding that the appellant did not prove his affirmative defenses. *See Russo v. Veterans Administration,* 3 M.S.P.R. 345, 349 (1980) (holding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision). The appellant has proffered no evidence that the agency was in receipt of the request for FMLA leave on June 4, 2015, or denied the leave request. IAF, Tab 4 at 66; PFR File, Tab 1 at 3-4. Further, the leave request in question occurred after the appellant served the suspension, and he has not offered any evidence to establish a causal connection between the leave request and the earlier suspension. *Compare* IAF, Tab 4 at 38, *with* IAF, Tab 4 at 66. Accordingly, this evidence does not support an inference of discriminatory animus and is not of sufficient weight to warrant an outcome different from that of the initial decision.

¶16 The appellant does not challenge the administrative judge's findings regarding his remaining affirmative defenses. In denying the appellant's affirmative defenses of discrimination on the bases of race, color, and sex, the administrative judge applied the evidentiary standards set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 42-43, 51 (2015), *overruled on other grounds by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25. ID at 14-16. In *Savage*, the Board stated that, when an appellant asserts an affirmative defense of discrimination or retaliation under 42 U.S.C. § 2000e-16, the Board first will inquire whether the appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action. *Savage*, 122 M.S.P.R. 612, ¶ 51. The Board further stated that, in making this initial showing, an appellant may rely on direct

evidence or any of the three types of circumstantial evidence described in *Troupe v. May Department Stores Co.*, [20 F.3d 734](#) (7th Cir. 1994). *Savage*, [122 M.S.P.R. 612](#), ¶ 51. Following the issuance of the initial decision in this matter, the Board clarified that the types of evidence set forth in *Savage* are not subject to differing evidentiary standards and explained that "all evidence belongs in a single pile and must be evaluated as a whole." *Gardner v. Department of Veterans Affairs*, [123 M.S.P.R. 647](#), ¶ 29 (quoting *Ortiz v. Werner Enterprises, Inc.*, [834 F.3d 760](#), 766 (7th Cir. 2016)), *clarified by Pridgen*, [2022 MSPB 31](#), ¶¶ 23-24. Here, the administrative judge discussed the distinction between direct and circumstantial evidence, but there is no indication that he disregarded any evidence because it was not direct or indirect. ID at 14-16. Regardless of the characterization of the appellant's evidence relating to his claims of discrimination on the bases of race, color, and sex, the administrative judge properly considered the evidence as a whole in finding that the appellant failed to prove these affirmative defenses. ID at 16.

¶17 In denying the appellant's affirmative defense of disparate treatment disability discrimination, the administrative judge correctly applied the evidentiary framework of *McDonnell Douglas Corp. v. Green*, [411 U.S. 792](#) (1973). ID at 16-20; *see Pridgen,* [2022 MSPB 31](#), ¶¶ 25, 42. Assuming without deciding that the appellant was disabled within the meaning of the Americans with Disabilities Act, the administrative judge considered the evidence of disability discrimination as a whole and concluded that the appellant had not shown that the relevant agency officials were motivated by animus against those with the appellant's stated disability. ID at 20. As such, we discern no basis upon which to disturb the administrative judge's ultimate finding that the appellant failed to establish his discrimination claims.[3] *See Clay*, [123 M.S.P.R.](#)

---

[3] Because we affirm the administrative judge's finding that the appellant failed to prove that race, color, sex, or disability discrimination were motivating factors in the agency's actions, we need not resolve the issue of whether the appellant proved that

245, ¶ 6. We also do not disturb the administrative judge's findings that the appellant failed to establish his claims of retaliation for prior protected activity or whistleblower retaliation. ID at 20-22.

¶18    The appellant has not shown that the initial decision was based on erroneous findings of fact or that there is new evidence that warrants an outcome different from that of the initial decision. Thus, we deny the petition for review and affirm the initial decision, which is now the Board's final decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

discrimination was a "but-for" cause of the agency's decisions. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1)** **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **<u>Judicial or EEOC review of cases involving a claim of</u>** **<u>discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                     /s/ for
                                Jennifer Everling
                                Acting Clerk of the Board

Washington, D.C.